UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GLOVER, *et al.*,

        Plaintiffs,

                                        Case No. 13-cv-13020

vs.                                      HON. GERSHWIN A. DRAIN

JPMORGAN CHASE BANK, N.A.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6) AND CANCELLING OCTOBER 21, 2013 HEARING

## I.      INTRODUCTION

Plaintiffs, John Glover and Qiuana Glover, commenced the present action in the Wayne County Circuit Court seeking, among other remedies, to set aside the sheriff's sale of their residential property located at 30776 Nelson Circle, Westland, Michigan (the "Property"). On July 15, 2013, Defendant, JPMorgan Chase Bank, N.A., removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441,and 1446.

Presently before the Court is the Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6),filed on August 12, 2013. The matter has been fully briefed and the Court finds that oral argument will not aid in the resolution of this matter, therefore the October 21, 2013 hearing is cancelled and the motion will be resolved on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion to Dismiss

Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6).

## II.   FACTUAL BACKGROUND

On June 25, 2008, Plaintiffs executed a mortgage ("Mortgage") and note as security for a $184,873.00 loan from non-party First Securities Financial Services.  Plaintiffs used the loan to purchase the Property.  The Mortgage granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender, and its successors and assigns, the power to foreclose and sell the Property at a sherif's sale in the event the Plaintiffs defaulted on their payment obligations under the loan agreement.

Sometime in 2009, Plaintiffs began experiencing financial hardship and requested a loan modification.   In October of 2010, Defendant approved Plaintiffs for a loan modification ("Modification Agreement").  *See* Def.'s Mot., Ex.  D.  The Modification Agreement provides that other than changes to Plaintiffs' payment obligations, amortization schedule, and maturity date, "all terms and provisions of the Loan Documents . . . remain in full force and effect [.]" While Plaintiffs clearly obtained a loan modification in October of 2010, their Complaint alleges that they were denied a loan modification because of "title issues."  Compl., ¶ 13.

Plaintiffs further allege that they sought a loan modification again in 2012, however they were denied a modification based on the same "title issues."  *Id*., ¶¶ 15, 19.  Plaintiffs maintain that Defendant "knew or should have known that Plaintiffs did not qualify for a loan modification" and "in fact [Plaintiffs] could have never qualified for a loan modification[.]"  *Id*., ¶¶ 33, 37.  Plaintiffs also allege that Defendant informed them they needed to complete a short sale, however when Plaintiffs attempted to sell the Property, they were told the "title issues" had to be corrected before the short sale could be completed.  Plaintiffs subsequently went to the Wayne County Register of Deeds and discovered that the deed conveying their real property to them had never been recorded

by the company handling the closing, non-party Independence Title.  *Id*., ¶ 25.

Plaintiffs defaulted on their obligations under the Modification Agreement and foreclosure proceedings were commenced.  On May 3, 2012, the first notice of a foreclosure sale of the Property was published in the Detroit Legal News pursuant to MICH. COMP. LAWS § 600.3208.  The same notice ran on May 10, 2012, May 17, 2012 and May 24, 2012.  The sheriff's sale occurred on December 13 2012, therefore the redemption period expired on June 13, 2013.

## III.    LAW & ANALYSIS

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B.    Defendant's Motion to Dismiss Plaintiffs' Complaint

Defendant maintains that all of Plaintiff's claims are subject to dismissal because documents executed by Plaintiffs belie their allegations, as well as because Plaintiffs lack standing to bring their claims after the expiration of the redemption period. Lastly, Defendant argues that even if Plaintiffs' documents did not contradict their claims and their claims were timely, Plaintiffs' claims of fraud and negligence must nonetheless be dismissed because both fail to state claims upon which relief may be granted.

All of Plaintiffs' claims stem from Defendant's purported refusal to modify Plaintiffs' mortgage obligations due to "title issues." However, Plaintiffs' allegations do not support their

claims because the parties entered into a Modification Agreement in October of 2010.  Thus, because Defendant did in fact grant Plaintiffs a loan modification, their claim lacks any factual support suggesting that Defendant is liable to Plaintiffs.

Additionally, Plaintiffs have failed to allege facts sufficient to set aside the foreclosure sale after the expiration of the statutory redemption period.  Once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished.  *See Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342,  *1 (Mich. App. May 28, 2009); *Mitan v. Fed. Home Loan Mortg. Corp*., 703 F.3d 949, 951 (6th Cir. 2012). ).  "[T]he filing of a lawsuit is 'insufficient to toll the redemption period,' Plaintiff must make a clear showing of fraud or irregularity to maintain this action."  *Conlin v.  Mortgage Elec. Registration Sys.,* 714 F.3d 355, 360 (6th Cir.  2013) (quoting *Overton*, 2009 Mich.  App.  LEXIS 1209, at *1).

"The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a *clear showing of fraud, or irregularity*."  *Overton*, 2009 WL 1507342, at *1(emphasis added)(citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)).  In *Conlin*, the Sixth Circuit Court of Appeals confirmed that a court's power to set aside a  foreclosure  sale  after  the  expiration  of  the  statutory  redemption  period  is  "drastically circumscribed."  *Conlin*, 714 F.3d  at 359.   In order for a foreclosure to be set aside post-redemption, Plaintiff must make a clear showing of fraud or irregularity in the foreclosure procedure itself.  *Id.*  at 359-60 ("[A] plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period.")

Here, all of Plaintiffs' rights in the property were extinguished when the redemption period

expired on June 13, 2013, and they have failed to demonstrate any fraud or irregularity during the foreclosure process sufficient to set aside the foreclosure sale. In order for Plaintiffs to meet the high standard for setting aside the foreclosure sale, Plaintiffs must show prejudice. Plaintiffs can show prejudice by demonstrating that they "would have been in a better position to preserve [their] interest in the property absent defendant's noncompliance with the statute." *Kim v. JP Morgan Chase*, 493 Mich. 98, 115; 825 N.W.2d 329 (2012). Here, Plaintiffs have failed to identify fraud or irregularity during the foreclosure process. The notices published in the Detroit Legal News explained Plaintiffs' right to redeem the property under Michigan law and that such right expired within six months of the date of the sale, or on June 13, 2013. Plaintiffs do not allege any procedural issues with the foreclosure process itself, therefore they have lost all right, title and interest in the Property upon the expiration of the redemption period.

In any event, Plaintiffs' claims are subject to dismissal for additional reasons. Plaintiffs' claim for fraudulent misrepresentation fails as a matter of law. In order to establish a claim for fraudulent misrepresentation, Plaintiffs must demonstrate: (1) that the Defendant made a material representation, (2) that was false, (3) that Defendant knew was false, or that was made recklessly, without any knowledge of its truth, (4) that Defendant made it with the intention that Plaintiffs would act upon it, and (5) the Plaintiffs acted in reliance upon it, and (6) suffered damages. *See Hi-Way Motor Co. v. Internat'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W. 2d 813 (1976). Here, Plaintiffs fail to allege the specific false representations made by Defendant, rather Plaintiffs only vaguely allege that Defendant offered to consider them for a loan modification. Nor does Plaintiffs' pleading contain any factual allegations concerning the who, when, or any specific detail surrounding the allegedly fraudulent statements. *See* Fed. R. Civ. P. 9(b) ("[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

-6-

Therefore, Plaintiff's fraudulent misrepresentation claim fails as a matter of law.

Lastly, Plaintiffs' negligence claim, based on Defendant's failure to record the deed, likewise fails as a matter of law. Defendant was not the original lender of the loan, thus Defendant could not have been in an agency relationship with Independence Title. *See Printy v. GMAC Mortgage*, No. 09-14625, 2010 WL 931861 (E.D. Mich. Mar. 11, 2010). Further, Defendant owes no duty to Plaintiff. *See Kevelighan v. Trott & Trott, P.C.*, 771 F.Supp. 2d 763, 779 (E.D. Mich. 2010)(no fiduciary duty arises in the lender-borrower context under Michigan law); *Farm Credit Servs. of Michigan's Heartland, P.C.A. v. Weldon*, 232 Mich. App. 662, 680; 591 N.W.2d 438 (2006). Therefore, for these additional reasons, Plaintiffs' negligence claim is subject to dismissal.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6) [#6] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: October 17, 2013                    /s/Gershwin A Drain
                                           Gershwin A. Drain
                                           UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

A copy of this Order was served upon attorneys of record by ordinary
mail or electronic mail.

s/ T. Bankston
Deputy Clerk